Filed 8/28/20  P. v. Burhop CA4/2
*See dissenting opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>TRAVIS BURHOP,<br><br>     Defendant and Appellant. | E073709<br><br>(Super.Ct.No. FRE03818)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed with directions.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Tamar Pachter and Nelson R. Richards, Deputy Attorneys General, for the Attorney General as Amicus Curiae on behalf of Defendant and Appellant.

1

Jason Anderson, District Attorney, and James R. Secord, Deputy District Attorney, for Plaintiff and Respondent.

## I. INTRODUCTION

In 2019, defendant and appellant, Travis Burhop, petitioned the superior court to vacate his 2015 conviction for second degree murder and resentence him. (Pen. Code, § 1170.95.)[1] The court denied the petition on the grounds that Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which, effective January 1, 2019, amended the definition of murder (§§ 188, 189) and added section 1170.95 to the Penal Code, is unconstitutional because it impermissibly amended two initiate statutes, Proposition 7 (Prop. 7, Gen. Elec. (Nov. 7, 1978); Proposition 7) and Proposition 115 (Prop. 115, Primary Elec. (June 5, 1990); Proposition 115). We reverse the judgment denying defendant's petition and remand the matter with directions to conduct further proceedings on the petition.

## II. FACTS AND PROCEDURAL BACKGROUND

In 2001, a jury convicted defendant of one count of first degree murder (§ 187, subd. (a)) and one count of premeditated attempted murder (§§664, subd. (a), 187, subd. (a)), each with an armed principal enhancement (§ 12022, subd. (a)(1).) Defendant admitted one prison prior (former § 667.5, subd. (b)) in exchange for striking the punishment on one of the armed enhancements. Defendant was sentenced to 27 years to life in prison.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant appealed, and this court affirmed his judgment of conviction and sentence. (*People v. Burhop* (Aug. 10, 2004, E032717) [nonpub. opn.].) We held, among other things, that substantial evidence supported defendant's convictions for first degree murder and premeditated attempted murder under the natural and probable consequences doctrine. (*Ibid.*) That is, we concluded substantial evidence showed that defendant intentionally aided and abetted an assault by means of force likely to produce great bodily injury, and that the murder and attempted murder were natural and probable consequences of the intended aggravated assault. (*Ibid.*)

The evidence at defendant's trial showed the following: In 1999, defendant paid Thomas Richard Baugh to "beat up or 'take out' " K.R., also known as "Spike." (*People v. Burhop*, *supra*, E032717.) Baugh recruited two other persons, Robert Edward Baldasaro and Caleb East, to assist him in the assault. (*Ibid.*) Defendant was claiming that Spike owed defendant money. (*Ibid.*) Spike had used defendant's money to purchase ephedrine for defendant but sold the ephedrine and did not repay defendant. (*Ibid.*) Ephedrine is a chemical used in manufacturing methamphetamine. (*Ibid.*) Defendant sold methamphetamine. (*Ibid.*)

On November 19-20, 1999, Baugh and Baldesaro were looking for Spike. (*People v. Burhop*, *supra*, E032717.) Baldesaro was "wacked out" on drugs. (*Ibid.*) Shortly before 3:00 a.m. on November 20, 17-year-old G. C. and 16-year-old H. J. were sitting on the front porch of a Redlands apartment. (*Ibid.*) Around one week earlier, Spike had been evicted from the apartment. (*Ibid.*) Baldesaro walked up to the porch and, after asking for a light, fired six or seven shots at G. C. and H. J. (*Ibid.*) G. C. died from two

3

gunshot wound to his chest.  (*Ibid*.)  H. J. was struck several times but survived.  (*Ibid*.)  Spike and G. C. had similar hair, and the People claimed the shooting was a case of mistaken identity.  (*Ibid*.)

In 2015, defendant filed a habeas petition.  The habeas petition is not part of the record in this appeal, but defendant represents that his habeas petition was based on *People v. Chiu* (2014) 59 Cal.4th 155.  In *Chui*, our Supreme Court held that an aider and abettor cannot be convicted of first degree premediated murder based on the natural and probable consequences doctrine.  (*Id*. at pp. 165-167.)  Rather, the "punishment for second degree murder is commensurate with a defendant's culpability for aiding and abetting a target crime that would naturally, probably, and foreseeably result in a murder under the natural and probable consequences doctrine."  (*Id*. at p. 166.)  An aider and abettor "may still be convicted of first degree premediated murder based on direct aiding and abetting principles"; that is, if the aider and abettor "encouraged the commission of the murder with the intent or knowledge of the unlawful purpose of the perpetrator and with the intent or purpose of committing, encouraging, or facilitating its commission." (*Id*. at pp. 166-167.)  The parties settled defendant's habeas proceeding by stipulating to reduce his first degree murder conviction to second degree murder.  Defendant was then resentenced to 17 years to life in prison.

In 2019, defendant petitioned the superior court to vacate his second degree murder conviction and to resentence him under section 1170.95.

4

## III.   DISCUSSION

On September 30, 2018, the Governor signed Senate Bill 1437 into law, and the bill became effective on January 1, 2019.  (Cal. Const., art. II, § 10.)  The bill redefined murder, in certain circumstances, by "amend[ing] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill changed the definition of murder by amending Penal Code sections 188 and 189.  (Stats. 2018, ch. 1015, §§ 2-3.)  The bill also added section 1170.95 to the Penal Code.  (Stats. 2018, ch. 1015, § 4.)  Section 1170.95 allows persons convicted of first or second degree murder, under the former felony-murder rule or the former natural and probable consequences doctrine, to petition the superior court to vacate their murder convictions and resentence them.

As noted, in 2019, defendant petitioned the superior court to vacate his 2015 second degree murder conviction and to resentence him under section 1170.95.  The superior court denied defendant's petition on the ground that Senate Bill 1437 is unconstitutional in that it impermissibly amended Propositions 7 and 115.  In this appeal, defendant, joined by the Attorney General in an amicus brief, claims the petition was erroneously denied because Senate Bill 1437 did not amend Propositions 7 or 115.  Defendant and the Attorney General also claim that Senate Bill 1437 did not impermissibly amend a third initiate statute, Proposition 9 (Prop. 9, Gen. Elec.

5

(Nov. 4, 2008); Proposition 9), or violate separation of powers principles. Respondent, the People, represented by the Riverside County District Attorney (the district attorney), defend the judgment denying defendant's section 1170.95 petition.

The arguments that the district attorney raises in support of the judgment denying defendant's petition were thoroughly considered and rejected by our Division One colleagues in *People v. Lamoureux* (2019) 42 Cal.App.5th 241 (*Lamoureux*) (Senate Bill 1437 does not violate Propositions 7, 115, or 9, or separation of powers principles), and *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270 (Senate Bill 1437 does not violate Propositions 7 or 115). Subsequently, this court and all other appellate courts that have considered these issues have either followed *Lamoureux* and *Gooden* or have otherwise concluded that Senate Bill 1437 is constitutionally valid. (*People v. Lippert* (Aug. 11, 2020, E072688) ___ Cal.App.5th ___ [2020 Cal.App. Lexis 754] (*Lippert*)); *People v. Nash* (Aug. 3, 2020) ___ Cal.App.5th ___ [2020 Cal.App. Lexis 724] (*Nash*); *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896; *People v. Lopez* (2020) 51 Cal.App.5th 589; *People v. Alaybue* (2020) 51 Cal.App.5th 207; *People v. Johns* (2020) 50 Cal.App.5th 46 (*Johns*); *People v. Prado* (2020) 49 Cal.App.5th 480; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Cruz* (2020) 46 Cal.App.5th 740.)

In a thoughtful dissenting opinion in *Lippert*, Presiding Justice Ramirez concluded that Senate Bill 1437 is unconstitutional because it impermissibly amended Proposition 7 and because it violates separation of powers principles. (*Lippert*, *supra*, ___ Cal.App.5th

6

___ [2020 Cal.App. Lexis 754, pp. *15-*37] (dis. opn. of Ramirez, P.J.).) Presiding Justice Ramirez reiterates these same concerns in his dissenting opinion in this case. Earlier, in a concurring and dissenting opinion in *Nash,* Acting Presiding Justice Poochigian likewise concluded that Senate Bill No. 1437 is unconstitutional because it impermissibly amended Proposition 7. (*Nash*, *supra*, ___ Cal.App.5th ___ [2020 Cal.App. Lexis 724, at pp. *64-*69] (conc. & dis. opn. of Poochigian, Acting P.J.).)

Here, it is unnecessary to further discuss the constitutional validity of Senate Bill 1437, given that its constitutional validity, and the dissenting views of its constitutional invalidity, have been so thoroughly discussed in the extant case law. Instead, we follow and adopt the reasoning of *Lamoureux*, *Gooden*, of this court's decision in *Johns*, of the majority opinion in *Lippert*, and of the other decisions upholding the constitutional validity of Senate Bill 1437. For the reasons explained in these decisions, we conclude that Senate Bill 1437 did not amend Propositions 7, 115, or 9; does not violate separation of powers principles; and is, therefore, constitutionally valid.

IV.   DISPOSITION

The judgment is reversed.  The matter is remanded to the superior court for further proceedings on defendant's section 1170.95 petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


FIELDS
               J.

I concur:


RAPHAEL
     J.

8

[*The People v. Travis Burhop*, E073079]

RAMIREZ, P.J.

I respectfully dissent.  For the reasons that I stated in my dissent in *People v. Lippert* (2020) ___ Cal.App.5th ___ [2020 Cal.App. LEXIS 754], I believe Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) is unconstitutional because (1) it amends Proposition 7, and (2) it violates the separation of powers.

RAMIREZ             
P. J.

1